UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WANDA STEWART, ET AL. | CIVIL ACTION NO. 12-1537 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WAL-MART LOUISIANA, LLC, ET AL. | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 9] filed by Defendants Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc. (collectively "Wal-Mart"). For the following reasons, the motion is DENIED.

I.  FACTUAL AND PROCEDURAL HISTORY

This case arises out of an alleged slip and fall accident inside the West Monroe, Louisiana Wal-Mart store. Plaintiffs Wanda and Floyd Stewart (collectively "the Stewarts") allege that, on May 11, 2011, Mrs. Stewart sustained injuries after tripping over a pallet holding a cardboard box of watermelons and falling to the ground. Mr. Stewart was nearby and witnessed the accident.

Mrs. Stewart had retrieved a watermelon from the box and tripped as she was backing toward her cart. Mr. Stewart testified that Mrs. Stewart tripped on the pallet itself or a piece of the cardboard box protruding from the pallet. The box did not sit flush with the edge of the pallet, so a corner of the box extended over the edge. An arrow was printed on each corner of the box to warn patrons to watch their step, but on the corner where Mrs. Stewart allegedly tripped, the arrow was partially obscured by labels.

Both Mrs. and Mr. Stewart testified that they had seen the pallet and box containing the

watermelons and that nothing was blocking their view of the pallet.[1] The pallet and box were in the middle of the aisle and sat about four feet high. There is no evidence of any other individual tripping over the pallet, nor is there evidence of any wet spots on the floor before the accident.

On May 7, 2012, the Stewarts filed suit in the Fourth Judicial District Court, Parish of Ouachita, against Wal-Mart for negligence, alleging, among other things, that the pallet and box caused an unsafe condition which Wal-Mart failed to adequately warn against, and that created an unreasonable risk of harm.

On June 6, 2012, Wal-Mart removed the case to this Court on the basis of diversity jurisdiction. On March 5, 2013, Wal-Mart filed a Motion for Summary Judgment asserting that the pallet and box were open and obvious and, thus, did not create an unreasonably dangerous condition. [Doc. No. 9]. On March 26, 2013, the Stewarts filed a response opposing Wal-Mart's Motion [Doc. No. 12], and Wal-Mart filed a reply on April 9, 2013. [Doc. No. 13].

## II.   LAW AND ANALYSIS

### A.   Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case.

---

[1] Mrs. Stewart has dementia and has been diagnosed with Alzheimer's Disease, and she alleges that her condition has deteriorated following the accident. Her testimony is inconsistent and appears inherently unreliable, through no fault of her own.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party.  *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial.  *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994).  The nonmoving party must show more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor.  *Anderson*, 477 U.S. at 255.

    **B.**    **Merchant Liability**

The Stewarts have asserted a negligence claim against Wal-Mart, which is analyzed under Louisiana's merchant liability statute, La. Rev. Stat. 9:2800.6.  *See Attaway v. Albertson's Inc.*, 174 Fed. App'x 240, 242 (5th Cir. 2006).  Wal-Mart asserts that it is not liable because there is no evidence that the pallet or cardboard box created an unreasonable risk of harm.  The Stewarts contend that, while a pallet may generally not create an unreasonable risk of harm, the condition of the pallet and cardboard box at issue here did create an unreasonable risk.

In order to prove merchant liability in a slip and fall case, a plaintiff must prove the usual negligence requirements: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached its duty of care; (3) the defendant's breach was the cause of the plaintiff's injuries; and (4) actual damages.  *Comeaux v. Stallion OilField Constr.*, Case No. 09-1696, 2012 WL 5988775, *2 (W.D. La. Nov. 29, 2012).  A plaintiff must also prove the elements of the merchant liability statute:

3

 (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

 (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

 (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

LA. REV. STAT. § 9:2800.6(B); *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010).

It is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no duty to protect against it. *See Taylor v. Wal-Mart Stores, Inc.*, Case No. 05-1346, 2006 WL 1476031, *2 (W.D. La. 2006); *Reed v. Home Depot, Inc.*, 37,000 (La. App. 2 Cir. 4/9/03); 843 So. 2d 588, 592; *Butler v. Doug's IGA*, 34,232 (La. App. 2 Cir. 12/6/00); 774 So. 2d 1067, 1071. These cases support the proposition that a pallet, in and of itself, "does not inherently pose an unreasonable risk of harm." *Reed*, 843 So. 2d at 592; *see also Ferrant v. Lowe's Home Ctrs., Inc.*, 494 Fed. App'x 458 (5th Cir. 2012).

However, although a pallet may not inherently pose an unreasonable risk of harm, cases have found pallets to be unreasonably dangerous in certain cirucmstances. For example, in *Butler v. Wal-Mart Stores, Inc.*, Case No. 08-3663, 2009 WL 1507580 (E.D. La. May 26, 2009), the plaintiff fell over a wooden pallet stocked with dog food. The pallet was in the middle of an aisle and stacked waist-high, and the plaintiff saw the pallet before she tripped. *Id.* at *1. Judge Vance concluded that "Even though the pallet was in plain view of [the plaintiff], the Court cannot say that a jury could not find the pallet and its placement unreasonably dangerous. *Id.* at *3. She concluded that the case law in Louisiana "[did] not unequivocally establish that pallets are never unreasonably dangerous."

*Id.* at *2 (citing *Darby v. Brookshire Grocery Co.*, 37,460 (La. App. 2 Cir. 7/30/03), 851 So. 2d 358; *Dupas v. Travelers Prop. Cas. Ins. Co.*, 2000-12 (La. App. 3 Cir. 5/3/00), 762 So. 2d 127). The "degree to which a danger may be observed by a potential victim is only one factor in the determination of whether a condition is unreasonably dangerous." *Id.* at *3 (internal citations and quotations omitted). Judge Vance noted that the pallet may have been placed unreasonably close to the shelf, and that the store could have waited until after closing to place the pallet in the aisle. *Id.* Thus, she left the question of whether a pallet created an unreasonable risk to the jury.

In this case, it is uncontested that the pallet and box containing the watermelons were in the middle of the aisle. The pallet was bright blue in color and the box was bright green, which contrasted with the gray floor. The Stewarts admit that they saw the display.

However, the Court finds that there is a genuine issue of material fact of whether the pallet and box were unreasonably dangerous. "[I]n order to be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition." *Broussard v. State ex rel. Office of State Bldgs.*, 2013 WL 1363711 (La. 2013). Although the pallet and box were open and obvious, it is not clear that the piece of the cardboard box extending over the edge of the pallet was open and obvious. The cardboard may have extended an inch or more beyond the pallet's edge, even though it could appear to be sitting flush. This may have led to an unreasonably dangerous condition that was not readily apparent. Further, the fact that the box's printed warning arrow was partially obscured by labels may also have helped to contribute to an unreasonably dangerous condition.

The Court cannot say, as a matter of law, that the pallet and box did not create an unreasonably dangerous condition. The overlapping cardboard and the obscured warning arrow may lead a reasonable jury to conclude otherwise.

### III. CONCLUSION

For the foregoing reasons, Wal-Mart's Motion for Summary Judgment [Doc. No. 9] is DENIED.

MONROE, LOUISIANA, this 1st day of May, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE